UNITED STATES v. NATURA CO.

(District Court, N. D. California. May 9, 1917.)

1. DRUGGISTS ⬤⇒2—OFFENSES—"MISBRANDING"—"REMEDY"—"CURE."

The word "remedy" is not synonymous with "cure," but means that which relieves or cures a disease, including a medicine or remedial treatment; and hence to advertise a medicine as a remedy for certain diseases, when the manufacturer had been informed that it relieved the same, is not a "misbranding" within the Food and Drugs Act (Act June 30, 1906, c. 3915, 34 Stat. 768 [Comp. St. 1916, §§ 8717-8728]), on the theory that the medicine was advertised as a cure for such diseases.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cure; Remedy; Second Series, Misbranding.]

2. CRIMINAL LAW ⬤⇒561(1)—OFFENSES—PROOF.

In a criminal prosecution, the guilt of defendant must be established beyond a reasonable doubt.

At Law. The Natura Company was charged with a violation of the Food and Drugs Act. Judgment of not guilty.

On August 5, 1916, the United States attorney for the Northern district of California, acting upon a report by the Secretary of Agriculture, filed in the District Court of the United States for said district an information against the Natura Company, a corporation, San Francisco, Cal., alleging shipment by said defendant, in violation of the Food and Drugs Act, as amended, on or about June 29, 1914, and December 17, 1914, from the state of California into the state of Utah, of quantities of an article labeled in part "Akoz," which was misbranded.

Analysis of samples of the article by the Bureau of Chemistry of this department showed the product to be a gray powder, essentially a clay. For use the contents of a small package are to be added to one-half gallon of water as per directions. The clear solution contains total solids equal to 200 parts per million, consisting essentially of calcium sulphate.

It was alleged in substance in the information that the article in each shipment was misbranded for the reason that certain statements appearing on its labels falsely and fraudulently represented it as a remedy for stomach troubles, indigestion, dyspepsia, kidney troubles, and rheumatism, when, in truth and in fact, it was not. It was alleged in substance that the article in each shipment was misbranded for the further reason that certain statements included in the circular accompanying the article falsely and fraudulently represented it as a treatment for Bright's disease and diabetes, pyorrhea, inflammation of the bladder, frequent urination, and cystitis, and as a remedy for toothache, when, in truth and in fact, it was not.

On April 5, 1917, the case came on for trial before the court, a jury having been waived, and, after the submission of evidence and arguments by counsel, the case was submitted to the court and taken under advisement. On May 9, 1917, it was ordered that judgment be entered finding the defendant not guilty.

John W. Preston and Annette Abbott Adams, both of San Francisco, Cal., for plaintiff.

Louis O'Neal, of San Jose, Cal., and C. W. Durbrow, of San Francisco, Cal., for defendant.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DOOLING, District Judge. The defendant is charged with a violation of the Food and Drugs Act in misbranding a certain article of medicine sold by it and known as "Akoz." To fall within the statute the package or label must bear or contain some statement, design, or device regarding the curative or therapeutic effect of the article or some ingredient or substance contained therein, which is false and fraudulent. No purpose would be served here in reviewing the testimony. It may be said in a general way that the testimony of the government was chiefly "expert" testimony; that is to say, testimony of skilled persons as to the possible effect of the use of Akoz. None of them had ever experimented with it, or tried it either on themselves or others, nor had any of them ever had the opportunity to observe any results from its use. The testimony for the defendant was given by witnesses, physicians, and others who had used the medicine themselves, or had observed its effect on others, and all testified to its beneficial effects.

[1] The misbranding claimed in the indictment is the statement that Akoz is a natural remedy for certain specified diseases, and that it had proved effective in the treatment of such diseases and others named.

The government insists that the word "remedy" is synonymous with "cure," and cites a definition from Webster's International Dictionary as follows: "Remedy: That which cures a disease." But the real definition found in that dictionary is the following: "Remedy: That which relieves or cures a disease." The Standard Dictionary gives the following definition: "Remedy: That which is used in any way for the cure or relief of bodily disease; a medicine; also remedial treatment."

It cannot therefore in this criminal action be concluded that, when the defendant used the word "remedy," it used it as synonymous with "cure," nor can it be concluded that the word would be understood by the public to mean "cure."

There is testimony that Akoz has relieved all the diseases specified, and that the proprietors were informed of that fact.

[2] The court is not indorsing Akoz as a curative or remedial agent. But this is a criminal case where the guilt of the defendant must be established beyond a reasonable doubt, and the government must show beyond such doubt that the statements made were both false and fraudulent. It has not done so, and a judgment will be entered finding the defendant not guilty.